FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2017 SEP 22  PM 2: 56

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| ADVANTA-STAR AUTOMOTIVE RESEARCH CORPORATION OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GREENWAY AUTOMOTIVE, INC., GREENWAY AUTOMOTIVE PARTNERS, INC., and GREENWAY AUTOMOTIVE VENTURES, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 6:17-cv-1675-ORL-40-GJK

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

Plaintiff Advanta-STAR Automotive Research Corporation of America ("Plaintiff Advanta-STAR"), for its Complaint against Defendants Greenway Automotive, Inc., Greenway Automotive Partners, Inc. and Greenway Automotive Ventures, LLC (collectively the "Defendants"), hereby alleges as follows:

-1-

## PARTIES

1.    Plaintiff Advanta-STAR is a Louisiana corporation with its registered office at 83337 Shepherd Lane, Folsom, Louisiana 70437.

2.    Defendant Greenway Automotive, Inc. is a Florida corporation with its principal office located at 9001 East Colonial Drive, Orlando, Florida 32817.

3.    Defendant Greenway Automotive Partners, Inc. is a Florida corporation with its principal office located at 9001 East Colonial Drive, Orlando, Florida 32817.

4.    Defendant Greenway Automotive Ventures, LLC is a Florida limited liability company with its principal office located at 9001 East Colonial Drive, Orlando, Florida 32817.

5.    Upon information and belief, Defendants operate under the trade names Greenway Auto Group and Orlando Kia East, Orlando Kia West, and Orlando Kia North (collectively, the "Kia Dealerships").

6.    Defendants may be served with process in this action through their registered agent, Corporation Company of South Orlando, 300 South Orange Avenue, Suite 1000, Orlando, Florida 32801.

## JURISDICTION AND VENUE

7.     This action is for copyright infringement under 17 U.S.C. § 101 *et seq.*; violations of federal rules concerning the integrity of copyright information under 17 U.S.C. § 1202; and civil conspiracy under the laws of Florida.

8.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

9.     This Court has subject matter jurisdiction under 17 U.S.C. § 1203(a) (integrity of copyright management information statute) and 28 U.S.C. §§ 1331 (federal question), 1338 (copyright, trademarks and unfair competition), 1332 (diversity), and 1367 (supplemental jurisdiction).

10.     This Court has jurisdiction over Defendants as they have and maintain their principal places of business in Florida and are legal entities created under the laws of Florida.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400.

## GENERAL ALLEGATIONS

12.     Plaintiff Advanta-STAR publishes and sells detailed reviews and other information regarding automobiles and their features (the "Content"). Plaintiff Advanta-STAR has sold the Content in print form in the past, but now sells the Content in digital form.

13.     The Content is used by automobile dealerships to assist automobile sales people in explaining to customers the differences between various automobiles. The Content also helps dealerships enhance Search Engine Optimization (SEO) for dealership websites, and increases the "time on site" for website visitors.

14.     Plaintiff Advanta-STAR provides the Content exclusively to paid, licensed subscribers.

15.     The Content is protected by U.S. copyrights, including registration number TX 8-405-110.

16.     The Content prominently bears Plaintiff Advanta-STAR's notices of copyright.

17.     On or about July 22, 2015, a person identifying himself as Paul French sent a request for information through Advanta-STAR's website. Mr. French is (and, upon information and belief, remains) the IT Manager for the

Kia Dealerships. In response to Mr. French's request, Michael Champagne, Vice-President of Sales and Marketing for Plaintiff Advanta-STAR, attempted to reach Mr. French by telephone and email. In the email, Mr. Champagne attempted to schedule a time for a call with Mr. French to discuss Advanta-STAR's product offerings.

18.    On July 23, 2015, Mr. French responded to the email, stating that he had already seen the product and just wanted a price quote. Mr. Champagne responded the same day with a subscription proposal. Despite several follow-up attempts, including a visit to one of the Kia dealerships in September 2015, Mr. Champagne never heard back from Mr. French.

19.    Recently, representatives of Plaintiff Advanta-STAR conducted web searches using specific language from the Content as part of a sales meeting and a discussion with a client regarding Search Engine Optimization (SEO).

20.    A search for a unique string of text from the Content yielded direct hits for webpages of the Kia Dealerships ("Infringing Webpages").

21.    The initial search and subsequent searches revealed that the Infringing Webpages contained Plaintiff Advanta-STAR's vehicle comparisons for several models. The text and information on the Infringing

Webpages was identical to the copyrighted content of Plaintiff Advanta-STAR, except the copyright notices and all identification of Plaintiff Advanta-STAR had been removed.

22.     Defendants have used and/or are using the Content on the Infringing Webpages to educate their sales personnel, to provide information to their customers and prospective customers, and to drive traffic their websites, all with the goal of selling automobiles at the Kia Dealerships.

23.     Defendants did not purchase the Content appearing on the Infringing Webpages, and Plaintiff Advanta-STAR has never authorized Defendants to make any copies of any Plaintiff Advanta-STAR materials. In addition, Plaintiff Advanta-STAR has never authorized Defendants to provide the Content to consumers or to publish such Content online.

24.     Defendants have made the unlawful copies of the Content with full knowledge that such Content was owned by Plaintiff Advanta-STAR and subject to copyright protection.

25.     In fact, Defendants decided to use the Content after inquiring about the cost of obtaining the Content legitimately, apparently deciding to use the Content without permission rather than incur the expense of a subscription.

26.     Defendants also purposely removed Plaintiff-Advanta-STAR's copyright notices from the Content they took, and replaced these notices with copyright notices of their own. Accordingly, Defendants' infringement of the copyright in the Content was unquestionably willful.

## COUNT I

### COPYRIGHT INFRINGEMENT

27.     Plaintiff Advanta-STAR incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

28.     Plaintiff Advanta-STAR owns valid copyrights in the Content, and has obtained a copyright registration in the Content.

29.     Defendants had access to the Content and have, without authorization from Plaintiff Advanta-STAR, made or had made numerous infringing copies of the Content.

30.     Defendants have, without authorization from Plaintiff Advanta-STAR, published infringing copies of the Content online for viewing by the public at large, in total disregard of Plaintiff Advanta-STAR's rights.

31.     Defendants' conduct constitutes willful copyright infringement in violation of 17 U.S.C. § 501 and is irreparably harming Plaintiff.

32.     Defendants are liable to Plaintiff Advanta-STAR for actual and/or statutory damages assigned from their infringement and all costs of this action, including reasonable attorneys' fees.   In addition, Plaintiff Advanta-STAR is entitled to temporary, preliminary and permanent injunctive relief to prevent further harm.

### COUNT II

### VIOLATION OF 17 U.S.C. § 1202

33.     Plaintiff Advanta-STAR incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

34.     Defendants deleted all copyright information from the Content before publishing the Content on Defendants' websites. This copyright information included copyright notices identifying Plaintiff Advanta-STAR as the owner of the Content.

35.     Defendants also published the Content on their websites, which contained copyright notices of Defendants. Thus, Defendants not only removed all notices of Plaintiff Advanta-STAR's copyright ownership in the Content, but falsely claimed copyright ownership in the Content for themselves.

36.     Pursuant to 17 U.S.C. § 1202(a) and (b), Defendants intentionally provided and distributed copyright management information that is false; removed copyright management information; and distributed copyright management information and copies of the Content knowing that copyright management information had been removed or altered without authority of the copyright owner or the law.

37.     Defendant committed the above acts without the authority of Plaintiff Advanta-STAR or the law and knowing, or having reasonable grounds to know, that their acts would induce, enable, facilitate, or conceal an infringement of Plaintiff Advanta-STAR's rights.

38.     Therefore, pursuant to 17 U.S.C. § 1203, Plaintiff Adavnta-STAR is entitled to temporary and permanent injunctive relief to restrain further violations of 17 U.S.C. § 1202; actual or statutory damages for each violation; the costs of this action; and the impounding, modification, and destruction of any device or product that is in the custody or control of Defendants that was involved in the violations.

## COUNT III

<u>CIVIL CONSPIRACY</u>

39.    Plaintiff Advanta-STAR incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

40.    Defendants combined with the intent to obtain a copy of the Content and make unlawful copies thereof.

41.    Defendants acted in concert to obtain the Content with in the intent of unlawfully copying it, and did unlawfully copy the Content.

42.    Defendants' conspiracy has caused damage to Plaintiff Advanta-STAR from both the fraudulent obtaining and keeping the Content and unlawful copying thereof.

**WHEREFORE, PLAINTIFF PRAYS FOR:**

A.    An order directing the immediate seizure of the infringing Content from the offices and computer systems of the Defendants, and otherwise, an order that the Defendants deliver up all physical and digital copies of the infringing Content for destruction, pursuant to 17 U.S.C. §503(a) and (b).

B.    A preliminary and permanent injunction barring the Defendants, their agents, servants, employees and those persons in active concert or

participation with the Defendants from copying, reproducing, distributing, or making derivative works of Plaintiff Advanta-STAR's Content, pursuant to 17 U.S.C. §502.

C.    An award of either:

    i.    the profits of the Defendants attributable to the infringement, pursuant to 17 U.S.C. §502(b); or

    ii.   statutory damages in an amount to be determined after final hearing, pursuant to 17 U.S.C. § 504(c)(2) and 15 U.S.C. § 1117(c)(2).

D.    An award of all remedies available under 17 U.S.C. § 1203, including, without limitation, actual or statutory damages, costs and attorneys' fees, preliminary and permanent injunctive relief, and the impoundment, modification, and destruction of the devices involved in the violations described in this Complaint;

E.    An award of the costs of this action pursuant to 17 U.S.C. §505.

F.    An award of Plaintiff Advanta-STAR's reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

G.    An award of punitive damages.

H.    Any additional relief that the Court deems just.

-11-

I.   A JURY TRIAL OF ALL ISSUES.

Respectfully submitted,

Ava K. Doppelt, Esq.
Florida Bar No. 393738
ALLEN, DYER, DOPPELT &
GILCHRIST, P.A.
255 S. Orange Avenue
Suite 1401
Orlando, Florida 32801
Telephone: (407) 841-2330
Facsimile: (407)841-2343
*adoppelt@allendyer.com*

-and-

Stephen M. Dorvee, Esq.
J. Tucker Barr, Esq.
ARNALL GOLDEN GREGORY, LLP
171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-8500
Facsimile: (404) 873-8501
*stephen.dorvee@agg.com*
*tucker.barr@agg.com*

*Attorneys for Plaintiff*

-12-