UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADVANTA-STAR AUTOMOTIVE
RESEARCH CORPORATION OF
AMERICA,

          Plaintiff,

v.

Case No: 6:17-cv-1675-Orl-40GJK

SEMORAN AUTO ACQUISITIONS,
INC., WEST COLONIAL AUTO, INC.,
LONGWOOD AUTO ACQUISITIONS I,
INC., GREENWAY AUTOMOTIVE, INC.
and CARL ATKINSON,

          Defendants.
_____/

## ORDER

This cause comes before the Court without oral argument on two motions to dismiss: one filed by Defendants Semoran Auto Acquisitions, Inc., West Colonial Auto, Inc., Longwood Auto Acquisitions, Inc., and Greenway Automotive (Doc. 30); another filed by Defendant Carl Atkinson (Doc. 35). Plaintiffs filed responses in opposition to both. (Docs. 38, 40). Upon review, both motions are due to be denied.

**I.    BACKGROUND[1]**

This copyright infringement suit arises out of the Defendants'[2] alleged co-opting of digital content. Plaintiff Advanta-STAR Automotive Research Corporation of America

---

[1]  This account of the facts is taken from Plaintiff's Amended Complaint (Doc. 18). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

[2]  The Amended Complaint names four business Defendants: Semoran Auto Acquisitions, Inc. (doing business as Orlando Kia East and Orlando Kia), West

("Advanta-STAR") generates and sells reviews and information about cars (the "Content") to car dealerships, who pay subscription fees for rights to use the Content. (Doc. 18, ¶¶ 13, 15). Dealership-subscribers use the Content to help explain to customers differences between various cars, and to "enhance Search Engine Optimization . . . for dealership websites, and increase[] the 'time on site' for website visitors." (*Id.* ¶ 14). Plaintiff owns copyrights for the Content, and notices of copyright prominent appear throughout the Content's text. (*Id.* ¶¶ 16–17).

In July 2015, Paul French—who Plaintiff believes was IT Manager for the Business Defendants—requested information about Plaintiff's product offerings through the Advanta-STAR website. (*Id.* ¶ 18). Mr. French requested a price quote, and Plaintiff responded by sending him a subscription proposal. (*Id.* ¶ 19). That was the last communication between Mr. French and Plaintiff. (*Id.*).

Subsequently, Plaintiff learned that several websites owned by the Business Defendants ("Infringing Websites")[3] included unique text identical to the Content. (*Id.* ¶ 21). Searches revealed that the Infringing Websites included Plaintiff's vehicle comparisons, as well as text and information identical to Plaintiff's copyrighted Content, except the copyright notices and author-identifying information was removed. (*Id.* ¶ 22).

---

Colonial Auto, Inc. (doing business as Orlando Kia West and Orlando Kia), Longwood Auto Acquisitions I, Inc. (doing business as Orlando Kia North), and Greenway Automotive, Inc. (collectively the "Business Defendants"). (Doc. 18) The Amended Complaint also names Carl Atkinson—officer and/or of the Business Defendants and registered owner of the infringing websites discussed *infra*—as a Defendant. (*Id.*).

[3] Carl Atkinson and Greenway Automotive Group are registered owners of the Infringing Websites—orlandokiaeast.com, orlandokiawest.com, and orlandokianorth.com. (*Id.* ¶ 23).

Defendants did not purchase, and were never authorized to use, Plaintiff's Content. (*Id.* ¶ 25). As a result of Defendants' infringement, Plaintiff suffered lost sales. (*Id.* ¶¶ 25, 27).

Plaintiff initiated this suit on September 22, 2017, and filed an Amended Complaint on October 24, 2017. (Docs. 1, 18). Plaintiff brings three counts against all Defendants: (I) copyright infringement, (II) violation of 17 U.S.C. § 1202, and (III) civil conspiracy. (Doc. 18, ¶¶ 29–46). The Dealership Defendants and Carl Atkinson separately moved to dismiss and alternatively for more definite statements. (Docs. 30, 35).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam).

**III. DISCUSSION**

   **A. Business Defendants' Motion**

The Business Defendants' motion asserts that claims for civil conspiracy must be pleaded with particularity as to each defendant under Florida law, and that Count III fails to do so. (Doc. 30, pp. 3–4). Alternatively, the motion requests a more definite statement on the grounds that Count III, as currently formulated, is impermissibly vague. (*Id.* at p. 5).

As a preliminary matter, the Court rejects the Business Defendants' contention that "conspiracy claims must be plead [sic] with particularity." (Doc. 30, p. 4) The cases offered in support of this proposition involved conspiracy claims with fraud predicates, while the conspiracy claims at issue are predicated by copyright infringement. *See Haskin v. R.J. Reynolds Tobacco*, 995 F. Supp. 1437, 1439–40 (M.D. Fla. 1998) (applying Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement to "averments of fraud or mistake"); *Truesdell v. Proctor*, 443 So. 2d 107, 108 (Fla. 1st DCA 1983) (applying a heightened pleading requirement to a conspiracy claim based on "fraud and deceit").

To state a civil conspiracy claim under Florida law,[4] a complaint must plead:

> (a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.

*Fla. Fern Growers Ass'n v. Concerned Citizens of Putnam Cty.*, 616 So. 2d 562, 565 (Fla. 5th DCA 1993). Mere knowledge of the scheme and assistance in "some way" is sufficient

---

[4] Count III is before the Court pursuant to diversity jurisdiction. (Doc. 18, ¶¶ 9–11). In a diversity action, a district court applies the substantive law of the forum in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). A cursory review of the Amended Complaints' jurisdictional allegations (Doc. 18, ¶¶ 8–12) should alleviate the Business Defendants' apparent confusion regarding the legal basis for Count III. (Doc. 30, p. 3).

4

to support a conspirator's liability for all his coconspirators' acts. *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1160 (Fla. 3d DCA 2008). "[P]articipation in a conspiracy may be inferred merely from acts which furthered its object." *Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1353 (11th Cir. 2008).

The Amended Complaint contains sufficient factual allegations to state a plausible claim to relief for civil conspiracy. It alleges that the Defendants knew of the unlawful conspiracy and joined together to advance the infringement, with such infringement damaging Plaintiff. These allegations are supported by allegations of: (i) a close commercial relationship between the Defendants, (ii) Defendant Atkinson's ownership of (and directorship for) the Business Defendants, (iii) Mr. French's inquiry, and (iv) the subsequent identical breaches by several webpages owned by (and operated for) Defendants. The Amended Complaint also alleges damages in the form of lost sales and unauthorized use of copyrighted materials.

In their motion, the Business Defendants demand that Plaintiff state the details of the alleged conspiracy in the complaint. (Doc. 30, pp. 3–6). Without discovery, however, those details are beyond Plaintiff's reach. *See also United States v. Baxtern Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) ("Courts typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant."). And because Count III states a plausible claim to relief, a more definite statement would be inappropriate.[5]

---

[5] Federal Rule of Civil Procedure 12(e) states that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R.

5

### B. Defendant Carl Atkinson's Motion

Defendant Carl Atkinson also moves to dismiss all counts of the Amended Complaint and/or for a more definite statement. (Doc. 35). A substantial portion of Defendant Atkinson's motion is simply a rehashing of arguments advanced in Business Defendants' Motion to Dismiss Count III. (*Compare* Doc. 30 *with* Doc. 35). For the reasons set forth in Section III.A, *supra*, Defendant Atkinson's motion to dismiss and/or for a more definite statement of Count III is due to be denied.

The balance of Defendant Atkinson's dismissal argument centers on the lack of factual allegations relating to the requirements for imposing copyright liability on corporate officers. (Doc. 35, p. 4–5). To state a claim against an individual for copyright infringement by a corporation, a complaint must allege that the individual had: "1) dominant influence in the corporation; 2) the capacity to control the acts of the corporation; 3) the ability to supervise the infringing activity; and 4) either a financial interest in that infringing activity, or have personally participated in the activity." *Lajos v. DuPont Publ'g*, 888 F. Supp. 143, 147 (M.D. Fla. 1995).

---

Civ. P. 12(e). A more definite statement motion "is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]. The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Ramirez v. FBI*, No. 8:10–cv–1819–T–23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010) (citation and internal quotation marks omitted) (first quoting *Sun Co., (R & M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 368 (E.D. Pa. 1996); then quoting *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd.*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996)).

The Amended Complaint is not an "unintelligible pleading," and because Count III states a plausible claim, the Business Defendants' alternative motion for a more definite statement is due to be denied.

Defendant Atkinson is "director and/or president (and, upon information and belief, an owner) of the Kia Dealerships." (Doc. 18, ¶ 33). He is also a registered owner of the Infringing Websites. (*Id.* ¶ 6). The Amended Complaint thus states a plausible copyright infringement claim against Defendant Atkinson in his individual capacity due to his ownership of the Infringing Websites and his position as director and/or president of the Business Defendants. Since Counts I and II state plausible copyright infringement claims against Defendant Atkinson, a more definite statement is not necessary.[6]

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Business Defendants' Rule 12(b)(6) Motion to Dismiss Count III of the Amended Complaint and/or Rule 12(e) Motion for More Definite Statement (Doc. 30) is **DENIED**.

2. Defendant Atkinson's Rule 12(b)(6) Motion to Dismiss Counts I, II, and III of the Amended Complaint and/or Rule 12(e) Motion for More Definite Statement (Doc. 35) is **DENIED**.

3. Defendant Carl Atkinson shall answer the Amended Complaint no later than May 7, 2018.

**DONE AND ORDERED** in Orlando, Florida, on April 23, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

---

[6] *See supra* note 5.

7

Counsel of Record
Unrepresented Parties